# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeremy Spencer, | ) | Civil Action No.: 0:20-cv-03387-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| D. Crickard, M. Potts, and J. Owens, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jeremy Spencer, proceeding pro se,[1] filed this civil rights action against Defendants D. Crickard, M. Potts, and J. Owens (collectively "Defendants") pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1.) Plaintiff seeks damages based on Defendants' alleged infringement of Plaintiff's First and Fourteenth Amendment rights by feeding him pork sausages in violation of Plaintiff's religious beliefs. (*Id*. at 4–6.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 28.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 4, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 44) recommending that the court dismiss Plaintiff's *Bivens* claims

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

against Defendants for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (*Id.* at 5–7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses the *Bivens* claims against Defendants.[2]

## I.   BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 44.) The court will only reference additional facts that are pertinent to the analysis of the issues before it. On September 24, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged that Plaintiff's religious rights were infringed upon by Defendants—Federal Bureau of Prison employees—while in prison in accordance with violations of the First and Fourteenth Amendments. (*See* ECF No. 1.)

By Order dated February 1, 2021, the Magistrate Judge authorized service of process and construed the Complaint as purporting to assert claims for damages pursuant to *Bivens* and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et. seq*. (ECF No. 19 at 1.)

On March 29, 2021, Defendants filed a Motion to Dismiss asserting that (1) Plaintiff lacked subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Defendants are protected from suit in their official capacities by sovereign immunity; and (2) Plaintiff failed to state a *Bivens* claim upon which relief can be granted against Defendants in their individual capacities pursuant to violations of either the First or Fourteenth Amendments in accordance with Rule 12(b)(6). (ECF No. 28 at 4–9.)

---

[2] The Magistrate Judge's Report and Recommendation does not extend to Plaintiff's claims pursuant to the Religious Freedom Restoration Act ("RFRA")–which is the subject of Defendants' pending Second Motion to Dismiss (ECF No. 49).

On March 30, 2021, the court entered a *Roseboro* Order advising Plaintiff that he had thirty-one (31) days to respond to Defendants' Motion to Dismiss.  (ECF No. 29 at 1.)  Plaintiff did not file a response to Defendants' Motion to Dismiss, and the court entered an Order on May 5, 2021, directing Plaintiff to advise the court as to whether he wishes to continue with this case and to file a response to Defendants' Motion to Dismiss within fourteen (14) days from the date of the Order or otherwise face the court's recommendation for dismissal with prejudice for failure to prosecute.  (*See* ECF No. 39.)  On May 13, 2021, Plaintiff filed a letter to the court dated May 10, 2021, stating that he "wishe[es] to have this case heard and tried . . . [and] do[es] not wish for [his] case to be dismissed."  (ECF No. 41 at 1.)

On June 4, 2021, the Magistrate Judge issued the aforementioned Report recommending that the court dismiss Plaintiff's *Bivens* claims against Defendants. (*See* ECF No. 44.)  On June 29, 2021, Defendants filed their Second Motion to Dismiss.  (ECF No. 49.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### III.     ANALYSIS

A.     The Magistrate Judge's Review

In the Report, the Magistrate Judge explained that Plaintiff failed to substantively respond to Defendants' arguments and thereby "arguably abandoned his *Bivens* claims." (ECF No. 44 at 4.) Yet, the Magistrate Judge did acknowledge Plaintiff's *pro se* status and his stated desire that his claims not be dismissed and considered the merits of Defendants' arguments. (*Id.*) The Magistrate Judge found that the court lacks subject matter jurisdiction over Plaintiff's *Bivens* claims against Defendants because Defendants acted in their official capacities and are thus precluded from liability due to the doctrine of sovereign immunity. (*Id.* at 5.) Moreover, the Magistrate Judge explained that Plaintiff failed to articulate a specific cause of action as to his Fourteenth Amendment claim. (*Id.* at 6.) Yet, the Magistrate Judge liberally construed Plaintiff's Complaint as asserting a violation of the Fifth Amendment's Due Process Clause because the Fourteenth Amendment does not apply to the federal government. (*Id.* at 6; *see also id.* at n.2 (noting that the Fifth Amendment's Due Process Clause forbids "discrimination that is so unjustifiable as to be violative of due process.") (quoting *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)).) Nonetheless, the Magistrate Judge found that *Bivens* does not extend to either First Amendment or Fifth Amendment claims, concluding that Plaintiff failed to state a *Bivens* claim upon which relief can be granted against Defendants in their individual capacities. (ECF No. 44 at 5–6.)

B.     The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by June 18, 2021. (ECF No. 44 at 8

4

(citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).)  However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Federal Rule of Civil Procedure 72 advisory committee's note to 1983 amendment).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and Recommendation in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error.  Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 44) and **GRANTS** Defendants' Motion to Dismiss (ECF No. 28).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 3, 2021
Columbia, South Carolina

5