# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Jeremy Spencer, ) | Civil Action No.: 0:20-cv-03387-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| D. Crickard, M. Potts, and J. Owens, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jeremy Spencer, proceeding *pro se*,[1] filed this civil rights action against Defendants D. Crickard, M. Potts, and J. Owens (collectively "Defendants") seeking damages based on Defendants' alleged infringement of Plaintiff's First and Fourteenth Amendment rights by feeding him pork sausages in violation of Plaintiff's religious beliefs. (*Id*. at 4–6.) This matter is before the court on Defendants' Second Motion to Dismiss or in the alternative, for summary judgment.[2] (ECF No. 49.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On September 7, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 58) recommending that the court dismiss this action with prejudice for lack of prosecution.

---

[1] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] Defendants filed a prior motion to dismiss the plaintiff's claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which was granted by an order issued on August 3, 2021 (ECF No. 52). The instant motion (ECF No. 49) addresses Plaintiff's remaining claims.

(*Id.* at 5–7.)  For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 58) and **DISMISSES** this action with prejudice.

## I.     BACKGROUND

On September 24, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged that Plaintiff's religious rights were infringed upon by Defendants—Federal Bureau of Prison employees—while in prison in accordance with violations of the First and Fourteenth Amendments.  (*See* ECF No. 1.)  By Order dated February 1, 2021, the Magistrate Judge authorized service of process and construed the Complaint as purporting to assert claims for damages pursuant to *Bivens* and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et. seq.*  (ECF No. 19 at 1.)

On March 29, 2021, Defendants filed their first Motion to Dismiss (ECF No. 28) and on March 30, 2021, the court entered a *Roseboro* Order advising Plaintiff that he had thirty-one (31) days to respond to Defendants' Motion. (ECF No. 29 at 1.)  Plaintiff did not file a response and the court entered an Order on May 5, 2021, directing Plaintiff to advise the court as to whether he wishes to continue with this case and to file a response to Defendants' Motion to Dismiss within fourteen (14) days from the date of the Order or otherwise face the court's recommendation for dismissal with prejudice for failure to prosecute.  (*See* ECF No. 39.)  On May 13, 2021, Plaintiff filed a letter to the court dated May 10, 2021, stating that he "wishe[es] to have this case heard and tried . . . [and] do[es] not wish for [his] case to be dismissed."  (ECF No. 41 at 1.)  On June 4, 2021, the Magistrate Judge recommended that the court dismiss Plaintiff's *Bivens* claims against Defendants. (ECF No. 44.)  Neither party filed any objections and the court accepted the Magistrate Judge's recommendation by Order dated August 3, 2021. (ECF No. 52.)

Defendants filed their Second Motion to Dismiss on June 29, 2021. (ECF No. 49.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 50.) Notwithstanding the specific warning and instructions set forth in the Magistrate Judge's *Roseboro* order, Plaintiff failed to respond. As Plaintiff is proceeding *pro se*, the Magistrate Judge filed a second order on August 13, 2021, advising Plaintiff "that it appeared that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional fourteen (14) days in which to file his response to the defendants' motion." (ECF No. 58 at 1 (citing ECF No. 55).) Plaintiff was warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. (ECF No. 55 at 2.) Plaintiff did not respond and on September 7, 2021, the Magistrate Judge issued the Report recommending dismissal with prejudice. (ECF No. 58 at 2.) None of the parties filed objections to the Report.

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

3

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.     ANALYSIS

A.     The Magistrate Judge's Review

The Report recommends the court dismiss this action pursuant to *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In the Report, the Magistrate Judge explains that Plaintiff "is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided." (ECF No. 58 at 2 (citing *Chandler Leasing Corp.*, 669 F.2d at 920).) As such, the Report recommends this action be dismissed with prejudice for lack of prosecution. (ECF No. 58 at 2 (citing *Davis*, 588 F.2d at 70; *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), *cert. denied sub nom*, *Ballard v. Volunteers of America*, 493 U.S. 1084 (1990); FED. R. CIV. P. 41(b)).)

B.     The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 58 at 3 (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)).) However, none of the parties filed any objections before the deadline. In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Federal Rule of Civil Procedure 72 advisory committee's note to 1983 amendment). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and Recommendation in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 58) and **DISMISSES** this action with prejudice.[3]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 15, 2021
Columbia, South Carolina

---

[3] In light of this order, any pending motions are terminated as moot.